## DUCKWORTH v. McSORLEY.

(Supreme Court, Appellate Division, Second Department.　October 12, 1909.)

PROCESS (§ 149*)—SERVICE—PROOF—SUFFICIENCY OF EVIDENCE.

　　Evidence *held* not to show service of summons upon defendant.

　　[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205;  Dec. Dig. § 149.*]

Appeal from Municipal Court of New York.

Action by Walter F. Duckworth against Patrick McSorley.  From a default judgment for plaintiff, defendant appeals.  Reversed.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

Denis O'L. Cohalan, for appellant.

MILLER, J.  The defendant shows by affidavit that a summons returnable on the 19th day of December, 1905, was served upon him, that he appeared at that time by attorney, but that the plaintiff did not appear or file proof of service, and that the case was dismissed.  The judgment appealed from was rendered on the 29th day of December, 1905, on proof by affidavit of the service of a summons on the defendant on the 22d day of December, 1905.  But the defendant swears positively that no such summons was ever served upon him, and that he never learned of the judgment until shortly before taking this appeal.  In support of the judgment, the affidavit of the one who claims to have served the summons is presented, which positively states that the summons was served on the defendant on the 22d day of Decem-

ber, 1905. However, the affiant does not state that he was personally acquainted with the defendant or even knew him by sight. He says that, after the day on which the summons was served, he described the man upon whom service was made to the plaintiff, and that the description tallied with a description given him by employés in the plaintiff's office. Manifestly that is not sufficient to overcome the positive statement of the defendant.

The judgment is reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.